IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GAIL H. TIFT, ) | |
| ) | |
| Plaintiff, ) | 4:04cv3370 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| NSP MEDICAL DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 18, the "Motion for Immediate Protection from Defendants and Imminent Harm" filed by the plaintiff, Gail H. Tift, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The court construes filing no. 18 as a Motion for Temporary Restraining Order ("TRO").

The plaintiff has sued two physicians and a physician's assistant who provide medical care to inmates at the Nebraska State Penitentiary ("NSP"). The plaintiff states that he has thrombophilia, a genetic blood coagulation disorder for which treatment exists, but the treatment is expensive. The plaintiff has been advised that the disorder can be fatal if not treated appropriately. While at the DCS Diagnostic and Evaluation Center, the plaintiff received two daily injections. However, now that he is housed at the NSP, he believes his treatment has been curtailed for cost, rather than medical, reasons. In filing no. 18, the plaintiff states that he has recently developed bleeding rashes. The record does not indicate whether the bleeding rashes are a result of the thrombophilia or are a side effect of medication.

The defendants have been given an extension of time until June 30, 2005, to answer or otherwise respond to the complaint. Therefore, by June 30, 2005, the

1

defendants shall also file a separate response to filing no. 18.

In the Eighth Circuit, a court must balance four factors (the "Dataphase factors") when determining whether to issue a TRO or preliminary injunction. The Dataphase factors are:

1.   the threat of irreparable harm to the movant;

2.   the balance between the harm to the movant and any injury that temporary injunctive relief would inflict on the nonmoving party should the injunction issue;

3.   the likelihood of success on the merits; and

4.   the public interest.

See, e.g., Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (*en banc*). The burden of proving that preliminary injunctive relief should be granted "rests entirely with the movant." Goff v. Harper, 60 F.3d at 520. "[F]or an injunction to issue 'a right must be violated' and ... 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'" Id. at 521 (citation omitted).

In the prison context, the availability of injunctive relief is limited by 18 U.S.C. § 3626, as amended by the Prison Litigation Reform Act ("PLRA").[1] 18 U.S.C. § 3626(a)(1)(A) states:

(A) Prospective relief in any civil action with respect to prison conditions shall

---

[1] See Prison Litigation Reform Act of 1995, Title VIII of the Omnibus Budget Reconciliation Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in sections of Titles 18, 28 and 42 of the United States Code).

2

extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

In addition, 18 U.S.C. § 3626(a)(2) states:

(2) Preliminary injunctive relief.--In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

THEREFORE, IT IS ORDERED:

1. That by June 30, 2005, the defendants shall respond to the plaintiff's Motion for a TRO (filing no. 18); and

2. That by July 15, 2005, unless a timely motion for extension of time is granted, the plaintiff may reply to the defendants' response.

DATED this 1st day of June, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge

3